IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BENJAMIN ADAM WITHROW,

     Plaintiff,

     v.

JESSICA ALSTATT and
UDON CARTER,

     Defendants.

CV 421-293

**O R D E R**

Plaintiff filed this lawsuit while housed at the Chatham County Detention Center. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 6 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune to such relief.   See 28
U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I.   BACKGROUND

In his Complaint (doc. no. 1), Plaintiff alleges that
Defendant Jessica Alstatt, a person Plaintiff names as the
Assistant Chief of Community Supervision, said of him via email to
the public defender's office: "Withrow is a very intelligent and
charming offender, however his criminal sexual history makes it
apparent that he is a serious threat to children."   (Id.)
Plaintiff complains that the statement was derogatory and
"downright fighting words," which have caused him mental anguish,
anxiety, depression, and fear of the future. (Id.)

On November 22, 2021, Plaintiff filed an "Amended Complaint"
(doc. no. 3), which is hand-drafted rather than executed on the
standard form used by prisoners in filing a Section 1983 Complaint.
This "Amended Complaint" explains his tardiness in returning
certain forms proving his status as indigent for the purposes of
avoiding the prepayment of fees to this Court.   (Id.)   Other
miscellaneous letters also remark upon the difficulties in
returning the documents because of alleged obstruction by the
Sheriff's office.   None of these documents state claims against
any named Defendant.   (See Doc. Nos. 3, 5, 8.)   Accordingly,
despite the proclaimed title, the document filed on November 22,

2

2021 will not be considered an attempt to amend the original Complaint.

## II.   LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure

3

does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).


### III. DISCUSSION

Plaintiff alleges that Defendant Alstatt said slanderous and derogatory things about him. Plaintiff never indicates the context of Defendant Alstatt's comment, how or whether it impacted his probation status, or any other details.[1] To the extent that

---

[1] Plaintiff never mentions Defendant Carter at all. In fact, he has filed a separate case him, Withrow v. Carter, Case No. 4:21-CV-244 (S.D. Ga. Aug. 27, 2021).

Defendant Alstatt was making some sort of recommendation pursuant to her role within Community Supervision, she was clearly performing a discretionary duty for which she is likely immune. See Hyland v. Sec'y for Dep't of Corr., 2007 WL 2445972, at *3 (11th Cir. Aug. 29, 2007). Even assuming the result of Defendant Alstatt's comment was that Plaintiff's probation was revoked, Plaintiff still does not state a constitutional claim. See, e.g., Smith v. Mitchell, 856 F. App'x 248, 250 (11th Cir. 2021) (suggesting that probation violation is not a "criminal prosecution" for the purposes of a Section 1983 claim for malicious prosecution and therefore does not support a Fourth Amendment claim); see also Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (holding that while probation revocation "does result in a loss of liberty," it, "like parole revocation, is not a stage of a criminal prosecution"). Ultimately, Plaintiff's Complaint falls squarely within the "naked assertions" realm disallowed by Iqbal and Twombly.

Upon the foregoing, **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE